**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST | ) | |
| 712 H Street, N.E. | ) | |
| Suite 1682 | ) | |
| Washington, D.C. 20002, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:22-cv-00799 |
| | ) | |
| U.S. DEPARTMENT OF STATE | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, D.C. 20520, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

1. Plaintiff Protect the Public's Trust brings this action against the United States Department

   of State under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the

   Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and

   injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

   U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §

   1391(e).

**PARTIES**

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and

   former public servants and concerned citizens that is dedicated to restoring public trust in

   government by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with

Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric

light the most efficient policeman," PPT seeks to promote transparency and broadly

disseminate information so that the American people can evaluate the integrity and

ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY

AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-

collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5.  Defendant United States Department of State ("State" or "the Department") is a federal

agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has

possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.  On October 20, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the

Department seeking the following records:

1.  Meeting Requests: All records for meeting requests both internally within the federal government and from external parties and entities, to include those with foreign governments, companies, or entities, meeting logs of attendees (including virtual meeting logs), meeting memos, briefing documents, schedules, communications, and any other records related to the scheduling and content of all meetings by Senior Advisor Jesse Young in the performance of his work for SECC, including meetings involving or related to the work of any other member of the leadership or staff within the SECC. Searches should include but not be limited to the following email addresses: jesse.young@state.gov, youngjd@state.gov and youngjd2@state.gov.

2.  External and Internal Communications: Any and all communications, documents, records, or other conversations involving Senior Advisor Jesse Young on behalf of his work for SECC, including communications with or on behalf of any other member of the leadership or staff within SECC. Searches should include but not be limited to the following email addresses: jesse.young@state.gov, youngjd@state.gov and youngjd2@state.gov. External communication includes any and all communications, documents, and other records to, from, or between any

executive branch employee (to include employees of the State Department's Bureau of Legislative Affairs, the Office of Policy Planning, the Office of the Assistant Secretary for Democracy Human Rights and Labor, the Bureau of East Asian and Pacific Affairs, the Office of the Counselor of the Department, the Office of the Legal Adviser, and the Executive Office of the President), members of Congress, foreign governments, and non-governmental external parties, and entities. This includes communications where Jesse Young himself is copied on an email with an outside entity or sends, replies, or receives an email where an outside non-department party is corresponding with an official at DOS.

3. Legal Counsel Communications: Communications to include any and all communications, documents, and other records to, from, or between any employee of SECC or the DOS and the Office of the Legal Advisor, or any outside counsel providing legal guidance pertaining to Jesse Young's official duties for SECC, whether involving Jesse Young or any other member of the leadership or staff of SECC. Searches should include but not be limited to the following email addresses: jesse.young@state.gov, youngjd@state.gov and youngjd2@state.gov.

4. Jesse Young's official calendar, schedule, travel logs and itineraries, government purchase card transactions, and government cell phone log.

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will give the public greater insight into the energy and climate priorities of the federal government at a time when high energy prices and inflation are prominent kitchen table concerns. *See generally* Lorie Konish, *Inflation and High Gas Prices Are Contributing to 'a Lot of*

*Financial Anxiety,' Survey Finds*, CNBC (Feb. 10, 2022),

https://www.cnbc.com/2022/02/10/inflation-high-gas-prices-contributing-to-financial-

anxiety.html.  The release of these documents will also contribute to the public's

understanding of the role of the newly formed Special Envoy for Climate Change, as well

as how high-ranking officials within the Department are approaching compliance with

applicable laws, rules, and regulations regarding foreign policy-making determinations,

disclosures of work on behalf of foreign entities, and potential conflicts of interest.

9.  On October 27, 2021, the Department acknowledged receipt of the request and assigned

it reference number "F-2022-00645."  The Department also granted PPT's request for a

fee waiver, advised that it would treat compilations of publicly available news reports as

non-responsive, indicated that the request was "placed in the complex processing track,

where it will be processed as quickly as possible," and noted that the Department would

not be able to respond within 20 days due to "unusual circumstances."

10. On November 19, 2021 and February 10, 2022, Plaintiff reached out regarding the status

of request F-2022-00645.

11. On November 22, 2021, and November 24, 2021, the Department responded in relevant

part "The Office of Information Programs and Services is in receipt of your inquiry

below.  We will follow-up with you as soon as possible to provide a response.  Thank

you in advance for your patience."

12. On December 2, 2021, the Department stated in part "The Office of Information

Programs and Services' electronic records system indicates this request is in process and

has an estimated date of completion (EDC) of November 18, 2024.  Please note EDCs are

estimates and are subject to change. If the request can be completed prior to the EDC, a
response will be sent sooner."

13. On February 11, 2022, the Department responded in part "FOIA Case Control Number F-
2022-00645 remains in process and still has a November 18, 2024, estimated date of
completion.  Please note that the Department processes FOIA requests on a first-in, first-
out basis and currently has a backlog of FOIA requests.  Additionally, due to the COVID-
19 pandemic, resources to process FOIA requests are limited at the Department.
Therefore, there will be a delay in processing requests."

14. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the
core purpose of FOIA." Garland Memo at 3. An agency purporting to give itself more
than three years to complete a FOIA request is anything but timely. Particularly where, as
here, the Department's proposed completion date conveniently allows it to hide
information about high level political appointees working on one of the Administration's
highest priorities until just after the next Presidential election. This can hardly be said to
promote "transparency" or "accountability."

15. As of today, Plaintiff's request already has been pending for more than 150 days – well
beyond the statutory period for federal agencies to make a determination with respect to a
FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

16. At this time, the Department has not made a determination of whether it will comply with
Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711
F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to
the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends

to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

17. Given these facts, including the Department's own purported estimated date of completion, it is readily apparent that, absent litigation, the Department has not and does not intend to meet its statutory obligations to provide the requested records.

18. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

19. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20. PPT properly requested records within the possession, custody, and control of the Department.

21. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

22. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

23. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

24. The Department's failure to provide all non-exempt responsive records violates FOIA.

25. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: March 23, 2022                              Respectfully submitted,

                                                   PROTECT THE PUBLIC'S TRUST
                                                   By Counsel:

                                                   /s/ Gary M. Lawkowski
                                                   Gary M. Lawkowski
                                                   D.D.C. Bar ID: VA125
                                                   DHILLON LAW GROUP, INC.
                                                   2121 Eisenhower Avenue, Suite 402
                                                   Alexandria, Virginia 22314
                                                   Telephone: 703-965-0330
                                                   Facsimile: 415-520-6593
                                                   GLawkowski@Dhillonlaw.com

                                                   *Counsel for the Plaintiff*